# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA

v.   No. 4:07CR00090-01 JLH

ODELL HUDSON

# ORDER

Pending is Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582 (Doc. No. 41), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction (Amendment 750).

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[1] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.G. § 2D1.1, are potentially eligible. If a defendant is not serving a sentence based on the drug quantity table, there is no basis for the Court to exercise its discretion to grant a sentence reduction.[2]

On July 22, 2008, Defendant was sentenced to 84 months on Count 2 and a mandatory consecutive 60 months on Count 5, for a total of 144 months.[3] With a base offense level of 32, a 3-point reduction for acceptance, and a criminal history category II, the Guidelines range was 97-121 months. For reasons unrelated to the drug quantity table, Defendant was sentenced below the Guidelines range on Count 2.

---

[1] *See* U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).

[2] U.S.S.G. § 1B1.10(a)(1).

[3] Doc. Nos. 34, 35.

Defendant asserts that under Amendment 750 his new Guidelines range would be 63-78 months,[4] and that his sentence should be reduced to 55 months on Count 2.[5]

It appears that Defendant's sentence was based on the statute and an agreed-to 12 years rather than a Guidelines range. At the sentencing hearing, the parties indicated that they intended for the total sentence to be 12 years. They requested 30% off the 10 year mandatory minimum on Count 2 (which would be 7 years), plus the mandatory consecutive 5 years on Count 5, for a total of 12 years. In fact, during the sentencing hearing, the Court noted that the Guidelines were not a major part of actually determining the appropriate sentence.

Since Defendant's sentence was based on statutory terms rather than the Guidelines, Defendant is not eligible for a reduction under Amendment 750. Accordingly, Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582 (Doc. No. 41) is DENIED.

IT IS SO ORDERED this 18th day of January, 2012.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[4] The new base offense level would be 28 and with a 3-point reduction for acceptance and a criminal history category II, the Guidelines range is 63-78 months.

[5] Originally, Defendant's sentence on Count 2 was 13% below the low end of the Guidelines range, and 55 months would be 13% below the low end of the new Guidelines range.